IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

MARIAN C. VOSECEK                                      PLAINTIFF

v.                       CIVIL NO. 11-3072

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                           DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Marian C. Vosecek, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.**      **Procedural Background**:

Plaintiff protectively filed her current application for SSI on February 17, 2009, alleging an inability to work due to piriformis syndrome of both hips.[1] (Tr. 160). An administrative hearing was held on June 22, 2010, at which Plaintiff appeared with counsel and testified. (Tr. 38-90).

---

[1] Piriformis syndrome is defined as compression of the sciatic nerve by the piriformis muscle in the posterior pelvis, causing pain in the buttocks and occasionally sciatica. See The Merck Manual, at 3302, 19th Edition (2011).

AO72A
(Rev. 8/82)

By written decision dated January 4, 2011, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 13). Specifically, the ALJ found Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine (status post surgery), degenerative disc disease of the cervical spine, piriformis syndrome, fibromyalgia, a pain disorder, and an anxiety disorder. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 13). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 416.967(a) except she is limited to only occasional climbing ramps/stairs, balancing, stooping, kneeling, crouching and crawling and can never climb ladders, ropes, or scaffolds. In addition, the claimant must avoid hazards, including driving as part of work. The claimant is further limited to work where interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote with few variables and little judgment, and the supervision required is simple, direct, and concrete.

(Tr. 15). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a machine tender, an assembler, and an inspector.

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after considering additional medical evidence, denied that request on August 16, 2011. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 8, 9).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.  Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3),

1382(3)(c). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. § 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § 416.920.

### III.    Discussion:

Plaintiff contends that the ALJ erred in concluding that the Plaintiff was not disabled because: (1) the ALJ's RFC determination is erroneous as it engages in an incomplete discussion of the reports of Drs. Brownfield and Hester, and reflects a general detachment from the abundant evidence of record indicating disability and only minimizes the affects of Plaintiff's longstanding chronic pain; (2) the ALJ erred in determining Plaintiff was not credible to the extent her complaints were not consistent with his erroneously determined RFC, as this credibility finding was based solely on a discussion of the medical records and the fact that Cathy did not completely stop working until after her open heart surgery, while completely neglecting any mention or analysis of the established standards set forth in the C.F.R. and Polaski v.

Heckler, 739 F.2d 1320 (8th Cir. 1984);[2] and (3) the ALJ failed to propound an accurate hypothetical question to the vocational expert at the hearing in order to properly understand the vocational impact of the claimant's impairments. Defendant argues substantial evidence supports the ALJ's determination.

### A. The ALJ's RFC Determination:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

The Court finds, based upon the well-stated reasons outlined in the Defendant's brief, that Plaintiff's argument is without merit, and there was sufficient evidence for the ALJ to make an informed decision. The Court notes that in determining Plaintiff's RFC, the ALJ specifically

---

[2]The Court notes that the record does not reflect that Plaintiff underwent open-heart surgery; however, the Court will treat this as an argument relating to the ALJ's findings regarding Plaintiff's credibility in this case.

discussed the relevant medical records, as well as the opinions of Dr. Shannon Brownfield (Tr. 240), Dr. Samuel Hester (Tr. 303), and Dr. Vann Arthur Smith (Tr. 344), and set forth the reasons for the weight given to each of these consultative medical professionals. Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians")(citations omitted). The ALJ also addressed the findings of the non-examining medical consultants. (Tr. 248, 302, 314). Based on the record as a whole, the Court finds substantial evidence to support the ALJ's RFC determination.

      **B.**      **Subjective Complaints and Credibility Analysis:**

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards, 314 F.3d at 966.

After reviewing the administrative record, and the Defendant's well-stated reasons set forth in his brief, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the factors set forth in Polaski. Although it is clear that Plaintiff suffers with some degree of limitation, she has not established that she is unable to engage in any gainful

activity. Based on the record as a whole, the Court finds there is substantial evidence to support the ALJ's credibility findings.

    C.    **Hypothetical Question to the Vocational Expert:**

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing work a machine tender, an assembler, and an inspector. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

**IV.**    **Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

    DATED this 14th day of August, 2012.

    /s/ *Erin L. Setser*
    HON. ERIN L. SETSER
    UNITED STATES MAGISTRATE JUDGE

AO72A (Rev. 8/82)